# Wilson, Appellant, *v.* Brown.

*Negligence—Master and servant—Defective appliance—Fellow servant.*
In an action to recover damages for personal injuries sustained by plaintiff while in defendant's employment, it appeared that the plaintiff was struck by a falling plank while standing near the base of a concrete pier. The plank had been a part of a form used in building up the concrete, and was pried loose by a fellow servant of the plaintiff after the concrete had hardened. The plaintiff alleged that ten-penny nails in the construction, instead of spikes, had caused the accident. There was nothing in the evidence to indicate that the accident would not have happened if spikes had been used instead of nails. *Held*, that a compulsory nonsuit was properly entered.

Argued Oct. 15, 1908. Appeal, No. 161, Oct. T., 1908, by plaintiff, from order of C. P. Butler Co., Sept. T., 1907, No. 227, refusing to take off nonsuit in case of William B. Wilson, Jr., v. Frederick S. Brown. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for personal injuries.

At the trial the court entered a compulsory nonsuit which it subsequently refused to take off, GALBREATH, P. J., filing the following opinion:

This suit was brought by the plaintiff against the defendant for recovery of damages alleged to have been sustained by him by an injury received while in defendant's employ in the construction of concrete piers or abutments on the line of the Pittsburg & Western Railway Company. In the construction of said piers, wooden forms were used for the purpose of giving shape

to and retaining the concrete in place until it had settled and hardened. The work of building up the piers was by sections and as each section hardened, the forms were removed from the concrete and placed further up for the purpose of constructing in the same manner another section on top of that already constructed. These wooden forms were held together by ten-penny nails "toed in" as described by the witnesses. When the construction of the pier had reached considerable height, on February 25, 1907, the workmen, including the plaintiff in this case, were engaged in removing the wooden forms, the plaintiff being engaged down upon the ground near the base of the pier. Several of the planks had already been pried loose by the workmen engaged on the pier and had fallen to the ground. The plaintiff was standing at the foot of the pier, not directly under the place where the planks were being pried off, but around the corner of the pier, and so seemed to be removed from any danger consequent upon the falling plank. The testimony in the case indicates that the freezing weather had caused the planks to adhere to the concrete so that some considerable force had to be expended in prying them loose. During the progress of this work, when one of the planks had been loosened at one end with a bar, as testified to by the witnesses, said plank swung out and around the corner of the pier, falling at the side, not directly underneath, as had the other planks which had been removed, but at the point where the plaintiff was standing, striking him and doing the injury which is complained of. On part of plaintiff it is contended that this was due to defective construction on part of the defendant of the forms used in building up the concrete; that the ten-penny nails used for that purpose were not sufficient and that the failure to use heavier nails was the cause of the swinging out of the plank, which caused the plaintiff's injury. There is nothing in the evidence in this case, we think, from which it can be reasonably inferred that the swinging out of the plank in the manner testified to by the witnesses was in any degree due to the manner of construction of the wooden forms, or that the same thing would have been less likely to have occurred if larger nails or spikes had been used. It cannot be said that the adhering of the plank, which caused

the injury, at one end after the other had been pried loose was in any way due to the fact that the nails used were not of larger size. The testimony in the case indicates that the accident was one of these occurrences which, while unfortunate, could not reasonably have been foreseen and guarded against, or that if there were negligence on the part of any one or in any respect, it was not the negligence of the defendant in the construction of the wooden forms, but rather on the part of the plaintiff's fellow workmen, who were taking the forms apart. We are not convinced, therefore, that this is a case which should have been submitted to the jury, there being no evidence from which any reasonable inference of the defendant's negligence could be drawn. For this reason, the motion of plaintiff's counsel to take off the compulsory nonsuit is refused.

*Error assigned* was refusal to take off nonsuit.

*John M. Greer, John B. Greer* and *Thos. H. Greer*, for appellant.

*Wishart & Dickey* and *R. P. Scott*, for appellee, were not heard.

PER CURIAM, November 2, 1908:

The judgment is affirmed on the opinion of the court below.